UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CR-218-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| JOSEPH MICHAEL OSBORNE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence Pursuant to 3582(c)(2), (Doc. No. 32), and on Defendant's Motion to Appoint Counsel, (Doc. No. 33). Defendant seeks a reduction in his sentence under Section 401 of the First Step Act of 2018, Pub. L. 115-391 (2018). The Government opposes the motion.

I.     **BACKGROUND AND DISCUSSION**

In September 2015, a federal grand jury charged Defendant with drug-trafficking, money-laundering, and firearm offenses. A month later, Defendant entered into a plea agreement with the United States, agreeing to plead guilty to conspiring to distribute and to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846; transactional money laundering, 18 U.S.C. § 1957; and possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). (Doc. 1; Doc. 7 ¶ 1). The United States and Defendant later moved to dismiss the money-laundering count against Defendant, and this Court granted the parties' motion. (Doc. Nos. 14, 15).

1

In March 2016, this Court sentenced Defendant to 180 months in prison for the drug-trafficking offense and to a consecutive term of 60 months in prison for the section 924(c) firearm offense — an aggregate sentence of 240 months in prison. (Doc. No. 29 at 1–2).

On December 21, 2018, Congress enacted the First Step Act. 132 Stat. 5194 (2018). Section 401 of that Act alters the predicate convictions that trigger enhanced statutory minimums and maximums under 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 841(b)(1)(B), 21 U.S.C. § 960(b)(1), and 21 U.S.C. § 960(b)(2). Id. at 5220–21. These enhancements now apply if the United States proves that a defendant committed the offense after at least one prior conviction for a "serious drug felony" or "serious violent felony" has become final. Id. Each of these terms is defined, in part, as an offense for which the defendant "served a term of imprisonment of more than 12 months." Id. at 5220. Additionally, a "serious drug felony" is defined as an offense for which the defendant was "release[d] from any term of imprisonment . . . within 15 years of the commencement of the instant offense." Id. Importantly, Section 401(c) provides that these amendments "shall apply to any offense that was committed before the date of the enactment of [the First Step] Act, if a sentence for the offense has not been imposed as of such date of enactment." Id. at 5221.

Defendant seeks a reduction in his sentence based on the amendments to 21 U.S.C. § 841(b)(1) made in section 401 of the First Step Act. This Court sentenced Defendant in March 2016, more than two-and-a-half years before Congress enacted the First Step Act. Under the plain terms of section 401(c), Defendant is not eligible to receive the benefits of Section 401. Thus, Defendant's motion will be denied. Furthermore, Defendant's motion to appoint counsel is denied, as Defendant does not have a constitutional right to counsel in bringing a post-conviction motion pursuant to the First Step Act.

2

# ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 3582(c)(2), (Doc. No. 32), and Defendant's Motion to Appoint Counsel, (Doc. No. 33), are both **DENIED**.

Signed: January 9, 2021

Max O. Cogburn Jr
United States District Judge